(No. 2607—

Michael Rabatine, Claimant, vs. State of Illinois, Respondent.

*Opinion filed December 9, 1936.*

R. A. Powers, for claimant.

Otto Kerner, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Prior to and on August 18, 1934 claimant was in the employ of respondent as a guard at the Illinois State Penitentiary, Pontiac Division. A riot started among the inmates on that day during a baseball game. Claimant in the performance of his duties attempted to stop the disorder, and in so doing was struck, kicked and beaten by a number of the inmates, and suffered injuries which required immediate treatment at the prison hospital.

One of his fellow-guards testified at the hearing that claimant was about fifty (50) yards from him when the rioting started; that when witness first saw him, he was fighting his way out of a gang of inmates with blood streaming from his head, and that his trouser legs and other parts of his clothing were torn off.

Dr. E. G. Beatty, who was employed as a physician at the Illinois State Reformatory Hospital in Pontiac at the time, testified that he examined claimant on August 18, 1934 immediately following the riot, and that at that time claimant was suffering from a lacerated wound on his scalp about one

inch long, and a sprain and contusion of the left shoulder, ruptured ligaments, and contusions of the left leg and right foot. He was given treatment at the institution hospital for five days, then went to his home in Streator and returned to work on September 24th where he continued working until discharged for cause on November 30, 1934. Bills for medical treatment have been paid by respondent and claimant received full pay until the time of his discharge. His claim was filed herein February 18, 1935 for Four Thousand Three Hundred Twenty ($4,320.00) Dollars permanent disability, but in the final presentation of his claim his counsel rest upon a demand for a permanent loss of ten (10) per cent use of the claimant's left arm, and seek an award therefor in the sum of Two Hundred Thirty-three and 50/100 ($233.50) Dollars.

Claimant was treated and examined by several physicians at the prison. Dr. Beatty testified that the injury to the shoulder is hard to classify; that it might thereafter interfere with the patient doing manual labor, but that he has no way of estimating the period of time. Dr. Beatty examined the claimant on or about November 30, 1934; and testified that the injured ligaments of claimant's shoulder had not resumed their normal functions, and that there was some subluxation and stretching of the ligaments.

Dr. L. D. Howe, claimant's family physician at Streator, Illinois, testified that he had treated patient since the time of his injury and has seen him every three or four weeks; that his last examination was about September 23, 1936; that there is a permanent loss of use to the claimant of the entire left arm as a result of the injury in question, of ten (10) per cent; that such injury and loss is the result of injury to the nerve in claimant's left shoulder, and that claimant is unable to do any lifting or any manipulating of tools with that arm. Claimant and respondent were both operating within the provisions of the Workmen's Compensation Act. The accident occurred on August 18, 1934. The State had immediate notice of the same, and the claim was filed on February 18, 1935, within six months thereafter. Claimant was receiving wages at the rate of Ninety ($90.00) Dollars per month. *Sec. 8 of the Workmen's Compensation Act* provides:

(e) For injuries in the following schedule the employee shall receive * * *

13. For the loss of an arm or the permanent and complete loss of its use 50% of the average weekly wage during 225 weeks.

His average weekly wage was Twenty and 76/100 ($20.76) Dollars. Fifty (50) per cent thereof for two hundred twenty-five (225) weeks would be Two Thousand Three Hundred Thirty-five and 50/100 ($2,335.50) Dollars, and ten (10) per cent thereof would be Two Hundred Thirty-three and 55/100 ($233.55) Dollars.

The court finds from the record that claimant suffered an injury from an accident which arose out of and in the course of his employment; that the same is compensable under the Workmen's Compensation Act, and that he has suffered a total permanent disability of ten (10) per cent of the loss of the use of the left arm. An award of Two Hundred Thirty-three and 55/100 ($233.55) Dollars is allowed in favor of the claimant. As the payments heretofore due would aggregate the full amount, the total award is found to be now due and payable. This award being subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof"*, approved July 2, 1935 (Sess. Laws 1935, p. 49) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when, such approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.